CLERK'S OFFICE U.S. DIST COURT
AT ROANOKE, VA
FILED

JAN 07 2010

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| ROXIE A. CAMPBELL, <br><br> Plaintiff, <br><br> v. <br><br> MICHAEL J. ASTRUE, <br> Commissioner of Social Security, <br><br> Defendant. | Civil Action No. 5:09CV00023 <br><br> **MEMORANDUM OPINION** <br><br> By: Honorable Glen E. Conrad <br> United States District Judge |

Plaintiff has filed this action challenging the final decision of the Commissioner of Social Security denying plaintiff's claim for a period of disability and disability insurance benefits under the Social Security Act, as amended, 42 U.S.C. §§ 416(i) and 423. Jurisdiction of this court is pursuant to § 205(g) of the Act, 42 U.S.C. § 405(g). This court's review is limited to a determination as to whether there is substantial evidence to support the Commissioner's conclusion that plaintiff failed to meet the requirements for entitlement to benefits under the Act. If such substantial evidence exists, the final decision of the Commissioner must be affirmed. Laws v. Celebrezze, 368 F.2d 640 (4th Cir. 1966). Stated briefly, substantial evidence has been defined as such relevant evidence, considering the record as a whole, as might be found adequate to support a conclusion by a reasonable mind. Richardson v. Perales, 402 U.S. 389, 400 (1971).

The plaintiff, Roxie A. Campbell, was born on January 20, 1968, and eventually completed her high school education. Mrs. Campbell has been employed as a dishwasher, maintenance worker, auto parts store laborer, furniture production laborer, textile production laborer, and production worker in a frozen food manufacturing plant. She last worked on a regular and sustained basis in 2000. On March 14, 2006, plaintiff filed an application for a period

of disability and disability insurance benefits. Mrs. Campbell alleged that she became disabled for all forms of substantial gainful employment on July 24, 2000 due to torn discs, sacroiliac joint pain, and right leg weakness. She now maintains that she has remained disabled to the present time. The record reveals that Mrs. Campbell met the insured status requirements of the Act through the first quarter of 2005, but not thereafter. See, gen., 42 U.S.C. §§ 416(i) and 423(a). Consequently, plaintiff is entitled to a period of disability and disability insurance benefits only if she has established that she became disabled for all forms of substantial gainful employment on or before March 31, 2005. See, gen., 42 U.S.C. § 423(a).

Mrs. Campbell's claim was denied upon initial consideration and reconsideration. She then requested and received a de novo hearing and review before an Administrative Law Judge. In an opinion dated December 31, 2008, the Law Judge also determined that plaintiff is not disabled. The Law Judge found that plaintiff suffers a severe medical impairment based on degenerative disc disease. Because of this condition, the Law Judge ruled that Mrs. Campbell is disabled for all her past relevant work roles. However, the Law Judge determined that, at all relevant times, Mrs. Campbell retained sufficient functional capacity for sedentary work activity in which she is permitted to sit or stand at will. Given such residual functional capacity, and after considering plaintiff's age, education, and prior work experience, as well as testimony from a vocational expert, the Law Judge concluded that Mrs. Campbell retained the capacity to perform several specific sedentary work roles existing in significant number in the national economy, at all relevant times on and before March 31, 2005. Accordingly, the Law Judge ultimately concluded that Mrs. Campbell was not disabled, and that she is not entitled to a period of disability or disability insurance benefits. See, gen., 20 C.F.R. § 404.1520(g). The Law

Judge's opinion was adopted as the final decision of the Commissioner by the Social Security Administration's Appeals Council. Having exhausted all available administrative remedies, Mrs. Campbell has now appealed to this court.

While plaintiff may be disabled for certain forms of employment, the crucial factual determination is whether plaintiff was disabled for all forms of substantial gainful employment. See 42 U.S.C. § 423(d)(2). There are four elements of proof which must be considered in making such an analysis. These elements are summarized as follows: (1) objective medical facts and clinical findings; (2) the opinions and conclusions of treating physicians; (3) subjective evidence of physical manifestations of impairments, as described through a claimant's testimony; and (4) the claimant's education, vocational history, residual skills, and age. Vitek v. Finch, 438 F.2d 1157, 1159-60 (4th Cir. 1971); Underwood v. Ribicoff, 298 F.2d 850, 851 (4th Cir. 1962).

After a review of the record in this case, the court is constrained to conclude that the Commissioner's final decision is supported by substantial evidence. It seems that Mrs. Campbell injured her back when she slipped at work on September 9, 1999. Thereafter, she complained of varying degrees of pain in her low back, with radiation into the right lower extremity. Plaintiff has received regular medical care, and she has participated in physical therapy and chiropractic protocols. However, objective studies, including x-rays and MRIs, have revealed degenerative changes, but no evidence of disc herniation or stenosis. On May 9, 2002, a CT scan revealed annular tears at L4-5 and L5-S1. Otherwise, her treating physicians have noted no significant clinical findings. Mrs. Campbell has undergone epidural injections and intradiskal electrothermal therapy in an attempt to control her pain. She has also taken pain medication on a regular basis.

In denying plaintiff's claim, the Administrative Law Judge relied on the absence of any significant mechanical defects. The Law Judge also cited the absence of clinical findings which would indicate serious and disabling musculoskeletal defect. The Law Judge noted that none of plaintiff's treating physicians considered her disabled for all forms of work activity. Moreover, Mrs. Campbell's therapist, Ann Keefer, specifically opined that Mrs. Campbell could be expected to perform up to light levels of exertion. In determining that plaintiff's subjective discomfort was not so severe as to render her totally disabled, the Law Judge relied, in part, on notations from many of plaintiff's medical visits which indicate that her professed degree of pain was not overly severe. Nevertheless, the Law Judge credited much of plaintiff's testimony in describing the impact of her pain on the performance of routine activities. Accordingly, the Law Judge concluded that Mrs. Campbell could only engage in sedentary work activity in which she is permitted to sit or stand at will.

The court finds the Law Judge's assessment of the medical records in this case to be supported by substantial evidence. Other than the two small annular tears, there is simply no objective evidence of any significant musculoskeletal defect. None of plaintiff's treating physicians have produced findings or opinions which would support a determination of total disability. The clinical record is not consistent with the presence of any severely debilitating condition. Perhaps most importantly, in what is clearly a "pain" case, the Law Judge carefully reviewed plaintiff's testimony, and propounded a series of hypothetical questions to the vocational expert which assumed restriction to sedentary exertion, a requirement for a sit/stand option, and the possibility of missing one day per month due to physical problems. (TR 44-46). In response, the vocational expert identified potential jobs, including receptionist and

information clerk, which he considered to be unskilled, entry-level positions. (TR 45). It appears to the court that the vocational expert's evaluation of the vocational factors, and the assumptions under which the expert deliberated, are both reasonable and consistent with the evidence of record. The court concludes that the Law Judge's reliance on the vocational expert's testimony is supported by substantial evidence.

On appeal to this court, plaintiff argues that the Administrative Law Judge underestimated the extent of her pain. Plaintiff seeks remand of her case to the Commissioner for further development of the record and consideration of the subjective factors in her case. Mrs. Campbell notes that, at the administrative hearing, a medical advisor testified that annular tears do not cause pain. (TR 42). Plaintiff has submitted to the court a number of medical articles which confirm that annular tears can be expected to produce subjective discomfort. Based on the inconsistency between the medical advisor's testimony and the medical articles, Mrs. Campbell contends that she has established "good cause" for remand of her case for consideration of the new evidence.

In Borders v. Heckler, 777 F.2d 954 (4th Cir. 1985), the United States Court of Appeals for the Fourth Circuit summarized the standards under which a motion for remand must be considered as follows:

> A reviewing court may remand a Social Security case to the Secretary on the basis of newly discovered evidence if four prerequisites are met. The evidence must be "relevant to the determination of disability at the time the application was first filed and not merely cumulative." Mitchell v. Schweiker, 699 F.2d 185, 188 (4th Cir. 1983). It must be material to the extent that the Secretary's decision "might reasonably have been different" had the new evidence been before her. King v. Califano, 599 F.2d 597, 599 (4th Cir. 1979); Sims v. Harris, 631 F.2d 26, 28 (4th Cir. 1980). There must be good cause for the claimant's failure to submit the evidence when the claim was before the Secretary, 42 U.S.C. § 405(g), and

the claimant must present to the remanding court "at least a general showing of the nature" of the new evidence. King, 599 F.2d at 599.

777 F.2d at 955.

The court does not believe that a remand is warranted in Mrs. Campbell's case. Even assuming that the newly submitted evidence could be deemed to be properly before the court, the court does not believe that the evidence is material, or that consideration of these articles could be expected to result in a different disposition in plaintiff's case. The court's review of the Law Judge's opinion indicates that the Law Judge did not give great weight to the medical advisor's opinion. Instead, as noted above, in assessing the degree and impact of plaintiff's subjective discomfort, the Law Judge considered the clinical notes and opinions generated by the treating medical sources, as well as Mrs. Campbell's own testimony. Notwithstanding the medical advisor's suggestion that annular tears cause no pain, the Law Judge specifically found that Mrs. Campbell experiences some measure of subjective discomfort, and the Law Judge took this circumstance into account in assessing plaintiff's capacity for alternate work activity. Once again, none of the doctors or medical providers who actually saw and treated Mrs. Campbell considered her condition and symptoms to be incapacitating. To the contrary, the treating medical sources in this case reported that plaintiff obtained some relief through conservative measures, and that her capacity to engage in physical activity, including physical therapy, was not overly limited. The court does not believe that consideration of the secondary evidence could be expected to result in any different outcome in Mrs. Campbell's case.

Inasmuch as the court has found substantial evidence to support the Commissioner's disposition in this matter, the Commissioner's final decision must be affirmed. In affirming the Commissioner's final decision, the court does not suggest that Mrs. Campbell is free of all pain, discomfort, weakness, and fatigue. Indeed, the medical record confirms that she suffers from annular tears which can be expected to result in pain and weakness. However, it must be recognized that the inability to do work without any subjective discomfort does not, of itself, render a claimant totally disabled. Craig v. Chater, 76 F.3d 585, 594-95 (4th Cir. 1996). Once again, it appears to the court that the Administrative Law Judge considered all of the subjective factors reasonably supported by the medical record in adjudicating plaintiff's claim for benefits. Indeed, the court believes that in formulating the hypothetical questions for the vocational expert, the Law Judge gave Mrs. Campbell the benefit of the doubt in assessing her residual functional capacity. It follows that all facets of the Commissioner's final decision are supported by substantial evidence.

As a general rule, resolution of conflicts in the evidence is a matter within the province of the Commissioner even if the court might resolve the conflicts differently. Richardson v. Perales, supra; Oppenheim v. Finch, 495 F.2d 396 (4th Cir. 1974). For the reasons stated, the court finds the Commissioner's resolution of the pertinent conflicts in the record in this case to be supported by substantial evidence. Accordingly, the final decision of the Commissioner must be affirmed. Laws v. Celebrezze, supra. An appropriate judgment and order will be entered this day.

The clerk is directed to send certified copies of this opinion to all counsel of record.

ENTER this 7th day of January, 2010.

_____
United States District Judge